UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | CRIMINAL NO. 21-CR-42 |
| § | |
| MARTIEN EERHART, § | |
| TITUS VAN HEUR, and § | |
| MARINO MARRERO § | |
|   (a/k/a "Marino Marrero Baez") § | |
| § | |
|   Defendants. § | |

## GOVERNMENT'S MOTION TO DISMISS INDICTMENT

The United States, by and through its undersigned counsel, respectfully requests that the Court dismiss the indictment returned in the above-captioned case without prejudice.

Prior to trial, on January 25, 2025, the government notified the Court and counsel about newly discovered material from an investigation conducted by law enforcement in the Southern District of Florida into two witnesses the government intended to call at defendant Martien Eerhart's trial. ECF No. 92. The Court granted the government's motion to briefly continue this trial to allow the government to obtain, assess, and produce the new materials to defendant Eerhart. The government has now had an opportunity to obtain, review, and produce relevant materials, as well as take related investigative steps, and has determined that based on these recent developments and their impact on the government's trial strategy, dismissal is in the interest of justice.

At the same time, the government firmly rejects defendant Eerhart's claim that the government's pretrial disclosure of potentially discoverable material violated *Brady v. Maryland*, 373 U.S. 83 (1963) or Federal Rule of Criminal Procedure 16. Defendant's Motion to Reconsider,

1

ECF No. 104. *Brady* violations involve "'the discovery, **after trial**[,] of information which had been known to the prosecution but unknown to the defense.'" *West v. Johnson*, 92 F.3d 1385, 1399 (5th Cir. 1996) (quoting *United States v. Agurs*, 427 U.S. 97 (1976)) (emphasis added). Here, there is no suppression of evidence because, among other things, defendant Eerhart's trial had not yet begun at the time of the government's disclosure. *See, e.g., United States v. Brumfield*, 89 F.4th 506, 513 (5th Cir. 2023) (a *Brady* violation requires suppression of the evidence). Under the Fifth Circuit's case law, "evidence that is turned over to the defense during trial, *let alone before trial*, has never been considered suppressed." *United States v. Swenson*, 894 F.3d 677, 683 (5th Cir. 2018) (emphasis added). Moreover, the government complied with its continuing obligations under Federal Rule of Criminal Procedure 16 by promptly disclosing the existence of discovery materials on an ongoing basis. Fed. R. Crim. P. 16(c) ("A party who discovers additional evidence or material before or during trial must promptly disclose its existence to the other party of the court . . . .").

Defendant is also wrong in claiming that the government has failed to produce *Brady* material related to one of its victim witnesses, C.M. On January 10, 2025, the government sent a letter to counsel for defendant Eerhart disclosing information in its possession about certain allegations against C.M. that could impact his credibility. Three days later, on January 13, 2025, the government also filed an *ex parte* notice to the Court related to the source of the information contained in the government's letter. ECF No. 75. Following discussions with counsel for defendant Eerhart, at defense counsel's request, the government subsequently requested the records related to the allegations against C.M. from several banks. The government informed counsel for defendant Eerhart that it could not guarantee that all of the banks would provide the requested information before Eerhart's trial. Prior to trial, the government produced all of the

materials it had received related to the allegations against C.M.  Because the government does not have any additional discoverable materials in its possession concerning the allegations against C.M—on top of the fact that trial has not yet begun—there is no *Brady* violation.  Moreover, the government informed counsel for defendant Eerhart how they could obtain the underlying records related to the C.M. allegations themselves—by issuing trial subpoenas to the relevant financial institutions—which counsel apparently chose not to do in advance of trial.  *See United States v. Marrero*, 904 F.2d 251, 261 (5th Cir. 1990) ("*Brady* does not place any burden upon the Government to conduct a defendant's investigation or assist in the presentation of the defense's case.").

WHEREFORE, the government prays that the Court grant this motion and dismiss the indictment in this case without prejudice.

Respectfully submitted,

GLENN S. LEON
Chief, Fraud Section

By:  */s/ David D. Hamstra*
David D. Hamstra
Shy Jackson
Trial Attorneys
Criminal Division, Fraud Section
David.Hamstra@usdoj.gov
Shy.Jackson2@usdoj.gov
(202) 993-4833 (Hamstra)
(202) 669-2675 (Jackson)

## CERTIFICATE OF SERVICE

I certify that on January 30, 2025, a true and correct copy of the foregoing was served on the defendants' counsel of record via the Court's Electronic Case File system.

*/s/ David D. Hamstra*
David D. Hamstra
Trial Attorney
